UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYSON R. STAMMLER<br>20366 Charter Oak Drive<br>Ashburn, Virginia 20147<br><br>   Plaintiff,<br><br>  v.<br><br>CREATIVE PIPE SOLUTIONS, LLC<br>1722 Piscataway Road<br>Clinton, MD 20735<br>  Serve: Registered Agent<br>    Keith Stup<br>    908 Johns Circle<br>    Deale, MD 20751<br><br>and<br><br>EICHBERG CONSTRUCTION, INC.<br>16010 Industrial Drive<br>Gaithersburg, MD 20877<br>  Serve: Registered Agent<br>    National Registered<br>    Agents, Inc.<br>    1090 Vermont Avenue, NW<br>    #910<br>    Washington, DC 20005<br><br>and<br><br>GEORGE R. CRANFORD, INC.<br>7114 Riverdale Road<br>Lanham, MD 20706<br>  Serve: Resident Agent<br>    Patricia Adams<br>    5707 E. West Highway<br>    Riverdale, MD 20737<br><br>   Defendants. | Civil Action No._____ |

## COMPLAINT FOR MONEY DAMAGES

COMES NOW Plaintiff Tyson R. Stammler, by counsel, and for his Complaint For Money Damages against Defendants Creative Pipe Solutions, LLC, Eichberg Construction, Inc., and George R. Cranford, Inc., respectfully states as follows:

### Nature of Case

This is an action for damages arising out of personal injuries and property damage sustained by Plaintiff as the result of Defendants' negligent repair and maintenance of H Street, N.W. in Washington, DC.

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) (2007), because Plaintiff is a citizen of a different state than each Defendant, and the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendants because they, directly and/or through their agents: purposefully availed themselves of the privilege of conducting business in the District of Columbia; transacted business in the District of Columbia; and caused tortious injury in the District of Columbia by acts and omissions in the District of Columbia.

3. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(a)(2), insofar as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

### Parties

4. Plaintiff Tyson R. Stammler ("Mr. Stammler") is now, and at all relevant times has been, an adult resident of the Commonwealth of Virginia. Mr. Stammler resides at 20366

Charter Oak Drive, Ashburn, Virginia 20147.

5. Defendant Creative Pipe Solutions, LLC ("Creative Pipe") is a limited liability company formed and existing under the laws of the State of Maryland, with its principal place of business at 1722 Piscataway Road, Clinton, Maryland, 20735. Upon information and belief, Creative Pipe regularly engages in plumbing, excavation, mechanical contracting, and/or construction business, and regularly conducts business in the District of Columbia.

6. Defendant Eichberg Construction, Inc. ("Eichberg") is a corporation formed and existing under the laws of the State of Maryland, with its principal place of business at 16010 Industrial Drive, Gaithersburg, Maryland 20877. Upon information and belief, Eichberg regularly engages in plumbing, excavation, mechanical contracting, and/or construction business, and regularly conducts business in the District of Columbia.

7. Defendant George R. Cranford, Inc. ("Cranford") is a corporation formed and existing under the laws of the State of Maryland, with its principal place of business at 7114 Riverdale Road, Lanham, Maryland 20706. Upon information and belief, Cranford regularly engages in plumbing, excavation, mechanical contracting, and/or construction business, and regularly conducts business in the District of Columbia.

### Facts

8. On or about August 26, 2004 at 4:00 p.m., Mr. Stammler traveled northbound on 7th Street, N.W. in the District of Columbia, and prepared to turn onto H Street, N.W. Mr. Stammler was lawfully operating his 2001 Yamaha YZF-1000R motorcycle (the "Motorcycle"), and wearing his safety helmet at all times preceding and during the incident. The Motorcycle was in good repair, and no mechanical or other defect contributed to the incident. The weather

was clear, and the incident occurred during daylight. After Mr. Stammler turned left off of 7th Street, N.W. onto H Street, N.W., he suddenly came upon an unmarked trench extending from the north side curb of H Street, N.W. across both westbound lanes (the "Trench"). The Trench was deep and unmarked.

9. Mr. Stammler applied his brakes in an attempt to avoid colliding with the Trench. As a result of the lack of signs or warnings marking the Trench, Mr. Stammler was in close proximity to the Trench when the Trench became visible. The Motorcycle then collided with the trench (the "Crash").

10. Despite his best efforts, Mr. Stammler was unable to keep the Motorcycle upright as a result of its collision with the Trench and the emergency braking necessitated by the Trench's sudden, unmarked appearance. The left side of the Motorcycle struck the road surface, and Mr. Stammler was ejected onto the road pavement, which he struck forcefully with his left clavicle, left hip, and torso.

11. Mr. Stammler was hurled across the pavement, and the force of the impact sheared off skin and tissue from his left clavicle and left hip. Mr. Stammler sustained other blunt trauma injuries to his head, ribs and whole body as he was flung across the asphalt pavement. He fractured his left clavicle and a left rib as a result of the Crash. Mr. Stammler was transported by ambulance to The George Washington University Hospital. The Motorcycle suffered tremendous damage, and was towed from the scene. Mr. Stammler's injuries required medical treatment, and caused him significant pain and suffering. In addition, Mr. Stammler's injuries, including, *inter alia*, a pleural effusion, reduced his ability to fight disease and infection, and caused him to suffer from pneumonia. Mr. Stammler's injuries also caused him to lose

wages, as he was required to miss work during his rehabilitation.

12. Upon information and belief, H Street, N.W. is a public roadway.

13. Upon information and belief, Defendants Creative Pipe Solutions, LLC, Eichberg Construction, Inc., and George R. Cranford, Inc. (collectively "Defendants"), through their employees, agents, and/or subcontractors, created the Trench prior to 4:00 p.m. on August 26, 2004 pursuant to a permit issued by the District of Columbia, and in accordance with contracts amongst Defendants, and/or contracts between Defendants and the District of Columbia, and/or contracts between Defendants and other third-parties.

14. Upon information and belief, Defendants, through their employees, agents, and/or subcontractors, performed work on the Trench and the roadway and/or property adjacent to the Trench on or about August 26, 2004. Upon cessation of work on or about the afternoon of August 26, 2004, Defendants failed to alter the Trench so that the roadway was safe for vehicular traffic, failed to adequately mark the Trench such that rightful users of the roadway would be warned of the Trench's presence, and failed to restrict access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area. Upon information and belief, Defendants merely abandoned the unmarked Trench and unsafe roadway, and all Defendants' employees left the area.

15. Defendants, through their employees, agents, and/or subcontractors, had responsibility for the Trench prior to and at the time of the Crash, and exercised dominion, custody, and control over the Trench prior to and at the time of the Crash.

**Count I**
**Negligence**

16.     Paragraphs 1-15 above are hereby incorporated by reference as if set forth fully herein.

17.     Defendants owed the public generally, and Mr. Stammler specifically, common law duties to exercise that degree of care and prudence that ordinary and reasonable persons would exercise under the circumstances in the supervision, maintenance, and upkeep of the Trench, their work site, and the portions of H Street, N.W. under their control. Defendants also owed the public generally, and Mr. Stammler specifically, common law duties to take due and suitable precautions to avoid injury or damages to persons or property in proximity to their work site. Defendants also owed the public generally, and Mr. Stammler specifically, common law duties to comply with all relevant industry standards.

18.     Defendants' duties included, *inter alia*, duties to act reasonably in their supervision and/or performance of roadwork, duties to act reasonably in their supervision and/or creation of the Trench (including establishing the Trench in a reasonable location, size, and shape), duties to act reasonably in altering the Trench so that the roadway was safe for vehicular traffic, duties to act reasonably in adequately marking the Trench such that rightful users of the roadway would be warned of the Trench's presence, duties to act reasonably in restricting access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area, and duties to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards.

19.     As set forth more fully above, Defendants breached the aforesaid duties to the public and Mr. Stammler by, *inter alia*: creating the unsafe Trench in the roadway, rendering the

roadway unsafe, failing to alter the Trench so that the roadway was safe for vehicular traffic, failing to adequately mark the Trench such that rightful users of the roadway would be warned of the Trench's presence, failing to restrict access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area, failing to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards, and otherwise failing to comply with their duties.

20.     Defendants, through their officers, directors, agents, employees, and/or subcontractors, participated in and authorized the wrongful acts with full knowledge of the relevant facts.

21.     It was reasonably foreseeable that Defendants' negligent acts would damage Plaintiff.

22.     As a direct and proximate result of Defendants' negligence, Mr. Stammler has suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount of not less than $175,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows: (1) compensatory damages in the amount of not less than $175,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## Count II
## Negligence *Per Se*

23. Paragraphs 1-22 above are hereby incorporated by reference as if set forth fully herein.

24. Defendants owed the public generally, and Mr. Stammler specifically, statutory duties in the supervision, maintenance, and upkeep of the Trench, their work site, and the portions of H Street, N.W. under their control. Defendants' statutory duties arose from D.C. Code Ann. §§ 24-3404.4, 24-2001.4 et seq., 24-2002.1, 24-3404.1 (2004), and related provisions.

25. The aforementioned statutes promote public safety, were enacted to protect persons in Mr. Stammler's position, and were enacted to prevent the type of incident described above. Such statutes therefore set forth duties with which Defendants were required to comply.

26. Defendants' statutory duties included, *inter alia*, duties to maintain their work site on and near H Street, N.W. in safe and rideable condition at all times, duties to immediately repair the public space under their control on and near H Street, N.W., duties to alter the Trench such that it was not dangerous to life and limb prior to ceasing work on or about August 26, 2004, duties to protect or guard the public space under their control, duties to erect warning signs marking the Trench, duties to comply with the Standard Specifications for Highways and Structures, duties to comply with the Manual on Uniform Traffic Control Devices for Streets and Highways, and duties to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards.

27. As set forth more fully above, Defendants breached the aforesaid duties to the public and Mr. Stammler by, *inter alia*: creating the unsafe Trench in the roadway, rendering the roadway unsafe, failing to alter the Trench so that the roadway was safe for vehicular traffic,

failing to adequately mark the Trench such that rightful users of the roadway would be warned of the Trench's presence, failing to restrict access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area, failing to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards, and otherwise failing to comply with their duties.

28. Defendants, through their officers, directors, agents, employees, and/or subcontractors, participated in and authorized the wrongful acts with full knowledge of the relevant facts.

29. It was reasonably foreseeable that Defendants' negligent acts would damage Plaintiff.

30. As a direct and proximate result of Defendants' negligence, Mr. Stammler has suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount of not less than $175,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows: (1) compensatory damages in the amount of not less than $175,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**Jury Demand**

Plaintiff demands a trial by jury to the maximum extent permitted by law.

Respectfully submitted,

By: /s/ Peter C. Grenier
Peter C. Grenier, Esquire (DC Bar # 418570)
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100 (telephone)
(202) 828-4130 (facsimile)
Counsel for Plaintiff

Dated: August 13, 2007

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS
TYSON R. STAMMLER

## DEFENDANTS
CREATIVE PIPE SOLUTIONS, LLC, EICHBERG CONSTRUCTION, INC., and GEORGE R. CRANFORD, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Loudoun, Virginia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter C. Grenier, Esquire (DC Bar # 418570)
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100 (telephone)
(202) 828-4130 (facsimile)

ATTORNEYS (IF KNOWN)

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select **one** category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1332(a)(1) - Negligence and Negligence Per Se arising from hazardous construction on public road.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ not less than $175,000  Select YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE August 13, 2007   SIGNATURE OF ATTORNEY OF RECORD  *Peter C. Grenier*

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.