UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

TYSON R. STAMMLER                      )
20366 Charter Oak Drive                )
Ashburn, Virginia 20147                )
                                       )
      Plaintiff,                     )
                                       ) Civil Action No._____
  v.                                   )
                                       )
CREATIVE PIPE SOLUTIONS, LLC           )
1722 Piscataway Road                   )
Clinton, MD 20735                      )
    Serve: Registered Agent            )
        Keith Stup                     )
        908 Johns Circle               )
        Deale, MD 20751                )
                                       )
and                                    )
                                       )
EICHBERG CONSTRUCTION, INC.            )
16010 Industrial Drive                 )
Gaithersburg, MD 20877                 )
    Serve: Registered Agent            )
        National Registered            )
        Agents, Inc.                   )
        1090 Vermont Avenue, NW        )
        #910                           )
        Washington, DC 20005           )
                                       )
and                                    )
                                       )
GEORGE R. CRANFORD, INC.               )
7114 Riverdale Road                    )
Lanham, MD 20706                       )
    Serve: Resident Agent              )
        Patricia Adams                 )
        5707 E. West Highway           )
        Riverdale, MD 20737            )
                                       )
      Defendants.                    )
                                       )

**COMPLAINT FOR MONEY DAMAGES**

COMES NOW Plaintiff Tyson R. Stammler, by counsel, and for his Complaint For Money Damages against Defendants Creative Pipe Solutions, LLC, Eichberg Construction, Inc., and George R. Cranford, Inc., respectfully states as follows:

**Nature of Case**

This is an action for damages arising out of personal injuries and property damage sustained by Plaintiff as the result of Defendants' negligent repair and maintenance of H Street, N.W. in Washington, DC.

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) (2007), because Plaintiff is a citizen of a different state than each Defendant, and the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendants because they, directly and/or through their agents: purposefully availed themselves of the privilege of conducting business in the District of Columbia; transacted business in the District of Columbia; and caused tortious injury in the District of Columbia by acts and omissions in the District of Columbia.

3. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(a)(2), insofar as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

**Parties**

4. Plaintiff Tyson R. Stammler ("Mr. Stammler") is now, and at all relevant times has been, an adult resident of the Commonwealth of Virginia. Mr. Stammler resides at 20366

Charter Oak Drive, Ashburn, Virginia 20147.

5.      Defendant Creative Pipe Solutions, LLC ("Creative Pipe") is a limited liability company formed and existing under the laws of the State of Maryland, with its principal place of business at 1722 Piscataway Road, Clinton, Maryland, 20735. Upon information and belief, Creative Pipe regularly engages in plumbing, excavation, mechanical contracting, and/or construction business, and regularly conducts business in the District of Columbia.

6.      Defendant Eichberg Construction, Inc. ("Eichberg") is a corporation formed and existing under the laws of the State of Maryland, with its principal place of business at 16010 Industrial Drive, Gaithersburg, Maryland 20877. Upon information and belief, Eichberg regularly engages in plumbing, excavation, mechanical contracting, and/or construction business, and regularly conducts business in the District of Columbia.

7.      Defendant George R. Cranford, Inc. ("Cranford") is a corporation formed and existing under the laws of the State of Maryland, with its principal place of business at 7114 Riverdale Road, Lanham, Maryland 20706. Upon information and belief, Cranford regularly engages in plumbing, excavation, mechanical contracting, and/or construction business, and regularly conducts business in the District of Columbia.

**Facts**

8.      On or about August 26, 2004 at 4:00 p.m., Mr. Stammler traveled northbound on 7th Street, N.W. in the District of Columbia, and prepared to turn onto H Street, N.W. Mr. Stammler was lawfully operating his 2001 Yamaha YZF-1000R motorcycle (the "Motorcycle"), and wearing his safety helmet at all times preceding and during the incident. The Motorcycle was in good repair, and no mechanical or other defect contributed to the incident. The weather

was clear, and the incident occurred during daylight. After Mr. Stammler turned left off of 7th Street, N.W. onto H Street, N.W., he suddenly came upon an unmarked trench extending from the north side curb of H Street, N.W. across both westbound lanes (the "Trench"). The Trench was deep and unmarked.

9. Mr. Stammler applied his brakes in an attempt to avoid colliding with the Trench. As a result of the lack of signs or warnings marking the Trench, Mr. Stammler was in close proximity to the Trench when the Trench became visible. The Motorcycle then collided with the trench (the "Crash").

10. Despite his best efforts, Mr. Stammler was unable to keep the Motorcycle upright as a result of its collision with the Trench and the emergency braking necessitated by the Trench's sudden, unmarked appearance. The left side of the Motorcycle struck the road surface, and Mr. Stammler was ejected onto the road pavement, which he struck forcefully with his left clavicle, left hip, and torso.

11. Mr. Stammler was hurled across the pavement, and the force of the impact sheared off skin and tissue from his left clavicle and left hip. Mr. Stammler sustained other blunt trauma injuries to his head, ribs and whole body as he was flung across the asphalt pavement. He fractured his left clavicle and a left rib as a result of the Crash. Mr. Stammler was transported by ambulance to The George Washington University Hospital. The Motorcycle suffered tremendous damage, and was towed from the scene. Mr. Stammler's injuries required medical treatment, and caused him significant pain and suffering. In addition, Mr. Stammler's injuries, including, *inter alia*, a pleural effusion, reduced his ability to fight disease and infection, and caused him to suffer from pneumonia. Mr. Stammler's injuries also caused him to lose

wages, as he was required to miss work during his rehabilitation.

12. Upon information and belief, H Street, N.W. is a public roadway.

13. Upon information and belief, Defendants Creative Pipe Solutions, LLC, Eichberg Construction, Inc., and George R. Cranford, Inc. (collectively "Defendants"), through their employees, agents, and/or subcontractors, created the Trench prior to 4:00 p.m. on August 26, 2004 pursuant to a permit issued by the District of Columbia, and in accordance with contracts amongst Defendants, and/or contracts between Defendants and the District of Columbia, and/or contracts between Defendants and other third-parties.

14. Upon information and belief, Defendants, through their employees, agents, and/or subcontractors, performed work on the Trench and the roadway and/or property adjacent to the Trench on or about August 26, 2004. Upon cessation of work on or about the afternoon of August 26, 2004, Defendants failed to alter the Trench so that the roadway was safe for vehicular traffic, failed to adequately mark the Trench such that rightful users of the roadway would be warned of the Trench's presence, and failed to restrict access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area. Upon information and belief, Defendants merely abandoned the unmarked Trench and unsafe roadway, and all Defendants' employees left the area.

15. Defendants, through their employees, agents, and/or subcontractors, had responsibility for the Trench prior to and at the time of the Crash, and exercised dominion, custody, and control over the Trench prior to and at the time of the Crash.

## Count I
## Negligence

16.     Paragraphs 1-15 above are hereby incorporated by reference as if set forth fully herein.

17.     Defendants owed the public generally, and Mr. Stammler specifically, common law duties to exercise that degree of care and prudence that ordinary and reasonable persons would exercise under the circumstances in the supervision, maintenance, and upkeep of the Trench, their work site, and the portions of H Street, N.W. under their control. Defendants also owed the public generally, and Mr. Stammler specifically, common law duties to take due and suitable precautions to avoid injury or damages to persons or property in proximity to their work site. Defendants also owed the public generally, and Mr. Stammler specifically, common law duties to comply with all relevant industry standards.

18.     Defendants' duties included, *inter alia*, duties to act reasonably in their supervision and/or performance of roadwork, duties to act reasonably in their supervision and/or creation of the Trench (including establishing the Trench in a reasonable location, size, and shape), duties to act reasonably in altering the Trench so that the roadway was safe for vehicular traffic, duties to act reasonably in adequately marking the Trench such that rightful users of the roadway would be warned of the Trench's presence, duties to act reasonably in restricting access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area, and duties to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards.

19.     As set forth more fully above, Defendants breached the aforesaid duties to the public and Mr. Stammler by, *inter alia*: creating the unsafe Trench in the roadway, rendering the

roadway unsafe, failing to alter the Trench so that the roadway was safe for vehicular traffic, failing to adequately mark the Trench such that rightful users of the roadway would be warned of the Trench's presence, failing to restrict access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area, failing to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards, and otherwise failing to comply with their duties.

20. Defendants, through their officers, directors, agents, employees, and/or subcontractors, participated in and authorized the wrongful acts with full knowledge of the relevant facts.

21. It was reasonably foreseeable that Defendants' negligent acts would damage Plaintiff.

22. As a direct and proximate result of Defendants' negligence, Mr. Stammler has suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount of not less than $175,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows: (1) compensatory damages in the amount of not less than $175,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## Count II
## Negligence *Per Se*

23. Paragraphs 1-22 above are hereby incorporated by reference as if set forth fully herein.

24. Defendants owed the public generally, and Mr. Stammler specifically, statutory duties in the supervision, maintenance, and upkeep of the Trench, their work site, and the portions of H Street, N.W. under their control. Defendants' statutory duties arose from D.C. Code Ann. §§ 24-3404.4, 24-2001.4 et seq., 24-2002.1, 24-3404.1 (2004), and related provisions.

25. The aforementioned statutes promote public safety, were enacted to protect persons in Mr. Stammler's position, and were enacted to prevent the type of incident described above. Such statutes therefore set forth duties with which Defendants were required to comply.

26. Defendants' statutory duties included, *inter alia*, duties to maintain their work site on and near H Street, N.W. in safe and rideable condition at all times, duties to immediately repair the public space under their control on and near H Street, N.W., duties to alter the Trench such that it was not dangerous to life and limb prior to ceasing work on or about August 26, 2004, duties to protect or guard the public space under their control, duties to erect warning signs marking the Trench, duties to comply with the Standard Specifications for Highways and Structures, duties to comply with the Manual on Uniform Traffic Control Devices for Streets and Highways, and duties to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards.

27. As set forth more fully above, Defendants breached the aforesaid duties to the public and Mr. Stammler by, *inter alia*: creating the unsafe Trench in the roadway, rendering the roadway unsafe, failing to alter the Trench so that the roadway was safe for vehicular traffic,

failing to adequately mark the Trench such that rightful users of the roadway would be warned of the Trench's presence, failing to restrict access to the hazardous portion of H Street, N.W. to prevent vehicular traffic from passing through the unsafe area, failing to comply with all applicable statutes, regulations, permit requirements, contract provisions, and industry standards, and otherwise failing to comply with their duties.

28. Defendants, through their officers, directors, agents, employees, and/or subcontractors, participated in and authorized the wrongful acts with full knowledge of the relevant facts.

29. It was reasonably foreseeable that Defendants' negligent acts would damage Plaintiff.

30. As a direct and proximate result of Defendants' negligence, Mr. Stammler has suffered substantial damages, including, *inter alia*, those set forth more fully above, and in an amount of not less than $175,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows: (1) compensatory damages in the amount of not less than $175,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## Jury Demand

Plaintiff demands a trial by jury to the maximum extent permitted by law.

                                          Respectfully submitted,

By: _/s/ Peter C. Grenier_
Peter C. Grenier, Esquire (DC Bar # 418570)
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
(202) 828-4100 (telephone)
(202) 828-4130 (facsimile)
Counsel for Plaintiff

Dated:  August 13, 2007