UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| Tyson Stammler | * | |
| Plaintiff | * | Civil Action No. |
| v. | * | 1:07-cv-01458 |
| Creative Pipe Solutions, et al. | * | |
| Defendants | * | |

## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, **George R. Cranford, Inc.**, by and through undersigned counsel, pursuant to Rules of the United States District Court for the District of Columbia, requests that the Plaintiff, **Tyson Stammler**, produce and permit the Defendant and/or its representatives to inspect and copy, or cause to be copied by photostat or other appropriate means, the particular documents in Plaintiff's possession and/or the Plaintiff's custody or control as hereinafter set forth. The Defendant requests that such production, inspection and copying take place within thirty days at 200 International Circle, Suite 1500, Hunt Valley, Maryland 21030. Compliance with this request may be made by promptly mailing copies of such documents to the above-mentioned address.

### I. DEFINITIONS AND INSTRUCTIONS

This request is subject to the following definitions and instructions.

A.  "Documents" is used in its broadest possible sense and means any writing or record of any type or description whatsoever, whether sent or received or not, and whether created by you or not, including, but not limited to, agreements, correspondence, letters, telegrams, cables, messages, tapes, films, photographs, interoffice communications, memoranda, reports, records, accounts, ledgers, journals, balance sheets, income statements, financial records, bills of sale, purchase order, invoices, bills of lading, checks, receipts, minutes, minutes of meetings, instructions, specifications, notes, notations, workpapers, notebooks, diaries, papers appointment books, telephone logs,

photocopies, plats, plans, drawings, sketches, maps, models, charts, surveys, blueprints, descriptions, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, interviews, statements or any other retrievable data (whether encarded, taped or coded, electrostatically, electromagnetically or otherwise)--in your possession, custody or control or known to you--wherever located, however produced or reproduced, whether an original, copy or reproduction or facsimile (including, but not limited to, carbon, handwritten, typewritten, microfilmed, photostated or xerographic copies), and including any nonidentical copy (whether different from the original because of any alterations, notes, comments or other material contained thereon or attached thereto, or otherwise), regardless of its author or origin--together with any attachment thereto or enclosure therewith.

B. "You" and "your" means the Plaintiffs in this action, as well as the Plaintiff's agents, employees, representatives or attorneys.

C. "Defendant" means **George R. Cranford, Inc.**, a Defendant in this action, and its agents, employees, representatives or attorneys.

D. "Relate to," when used in connection with any request for a document or category of documents, means recordings, summarizing, digesting, referring to, commenting upon, describing, consisting of, reporting, listing, analyzing, studying, evidencing or otherwise discussing in any way the subject matter identified in a request.

E. "Communication" or "communications" includes, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex, cable, tape recordings, or otherwise and all written communications.

  F. The use herein of the words "and" and "or" shall include "and/or".

  G. The use herein of the singular shall include the plural and the use of the plural shall include the singular.

  H. The use of the words "person" or "persons" shall include individuals (including directors, officers, employees, representatives and agents), associations, partnership, corporations and divisions of corporations.

  I. If privilege is asserted with respect to any document, please identify the document and state specifically the basis of the privilege.

  J. If a request asks for documents which no longer exist, then in response to such request:

    1. identify each such document;

    2. identify all information that was contained in each such document;

    3. state the date when each such document ceased to exist;

    4. state what happened that caused each such document to cease to exist;

    5. state why each such document was caused to, or happened to, cease to exist;

    6. state the time periods during which such types of documents were maintained;

    7. identify each person having knowledge of the circumstances under which each such document ceased to exist; and

       8. identify each person having knowledge of each such document and state the substance of said knowledge.

       K. These requests are continuing in character so as to require you to file a supplementary response if you obtain further documents before trial.

## II. DOCUMENTS TO BE PRODUCED

       1. All medical records, surgical records, hospital records, clinic records, mental records, medical reports, writings, notes or memorandum relating in any way to **Tyson Stammler,** Plaintiff, physical, mental or medical conditions, illnesses, or disabilities, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions, or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the Plaintiff's contention that such physical, mental or medical conditions, illnesses, or disabilities were caused in any way by the Defendant or any agent or employee of the Defendant for the period of time commencing five (5) years before the occurrence alleged in the Complaint up to and including the present date.

       2. All statements, bills, receipts, financial records or other written material which evidence any and all costs or expenses as a result of the occurrence referred to in the Complaint.

       3. Reports of all experts who are expected to testify at the trial of this case, including but not limited to all documents referring to or relating to any findings or opinions of any persons whom you intend to call as an expert witness at the trial of this action,

which findings or opinions relate to any alleged act of negligence by any person, or other liability in connection with the allegations contained in the Complaint.

4.  All documents referring to any admissions or statements made by any representative of this Defendant relating to the allegations contained in the Complaint.

5.  All documents referring or relating to communication between you and this Defendant.

6.  All documents referring or relating to facts tending to support the allegations in the Complaint.

7.  All documents referring or relating to any loss of time from employment, business or occupation as well as any loss of income Plaintiff may have sustained as a result of the occurrence.

8.  Plaintiff's state and federal income tax returns (with all attachments) for the last six (6) years.

9.  All documents referring or relating to any allegation that Plaintiff has incurred medical or other expenses as a result of the allegations contained in the Complaint.

10. All transcripts or recordings of the testimony of any person or persons relating to the injuries and damages for which claim is being made in this action.

11. All documents referring or relating to any insurance coverage claimed which provided or may provide any benefits with respect to the injuries or damages allegedly sustained as a result of the allegations contained in the Complaint against this Defendant.

12.     All documents referring or relating to any settlement, loan receipt, subrogation agreement, release or similar agreement between you and any person or persons with respect to the allegations contained in your Complaint.

13.     All documents referred to or identified in your responses to Interrogatories propounded by this Defendant.

14.     All other documents which you propose to introduce into evidence or rely upon at the hearing or trial of this case.

15.     All employment records relating in any way to the Plaintiffs; whether employed or self-employed, including the names and addresses of all employers, the records of the dates absent from employment in the last six (6) years.

16.     All of the Plaintiff's records of workers' compensation, unemployment insurance, welfare, social security disability, and applications for assistance from any governmental agency because of unemployment, disability or ill health from 1980 through the present date.

17.     With respect to any hospital records, doctor records, governmental records or any other records referred to in this Request for Production of Documents which are in existence, but are not physically in the possession or custody of the Plaintiff or Plaintiff's attorneys, the Defendant requests that the Plaintiff produce executed authorizations for each doctor, hospital, person, corporation, agency, etc., where records exist, to allow the Defendant to examine and obtain copies of said records.

18.     All photographs, movies and/or slides which refer or relate to the damages which the Plaintiff claims in this action.

6

19. All photographs, movies and/or slides which the Plaintiff contends are supportive of the Plaintiff's claim of the Defendant's negligence in this action.

20. All photographs movies and/or slides as to the scene of the alleged incident.

21. Any and all records generated from any diagnostic testing, including but not limited to films, reports, documents, papers, bills, etc.

22. All documents pertaining to any claim or law suit previously filed; against any other person or entity arising out of this occurrence.

    /s/ Jacquelyn Kramer  
Jacquelyn Kramer  
Law Offices of Guido Porcarelli  
200 International Circle, Suite 1500  
Hunt Valley, Maryland 21030  
(410) 568-2874  
Attorney for George R. Cranford, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___24th___ day of _October,_ 2007, I served on all pro se and/or counsel hereto copies of the following discovery via electronic mail, and that I will retain the original of these documents in my possession, without alternation, until the case is concluded in this Court.

  _x_    Interrogatories and  Request for Production of Documents to:

Robert B. Hetherington, Esquire
Bar #401136
100 South Washington Street
Rockville, MD 20850
(301) 762-7770
Attorney for Defendant, Eichberg Construction, Inc.

Scott M. Hartinger, Esquire
Bar #461129
100 North Court Street
Frederick, MD 21701
(301) 698-8182
Attorney for Defendant, Creative Pipe Solutions, LLC

Peter C. Grenier, Esquire
Bar #418570
1150 Connecticut Ave., N.W., 9th Floor
Washington, DC 20036
Attorney for Plaintiff

 /s/ Jacquelyn Kramer_____
Jacquelyn Kramer, Esquire
Bar #11147
Law Offices of Guido Porcarelli
200 International Circle, Suite 1500
Hunt Valley, Maryland 21030
(410) 568-2874
Attorney for George R. Cranford, Inc.