**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TYSON R. STAMMLER** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 1:07-CV-01458** |
| | )   **(RWR/JMF)** |
| **CREATIVE PIPE SOLUTIONS, LLC, et al.** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## PLAINTIFF'S STATUS REPORT

COMES NOW Plaintiff Tyson R. Stammler, by counsel, and submits his status report.

As a preliminary matter, undersigned counsel apologizes to the Court for failing to file this report

by July 24, the original due date. However, based upon the series of Minute Orders issued in this

case, Plaintiff mistakenly  understood that the upcoming August 13, 2008, Settlement

Conference with The Honorable John M. Facciola superseded the Status Report filing.  Plaintiff

files this report unilaterally insofar as undersigned counsel attempted to contact defense counsel,

but was unable to do so.

While discovery technically closed on July 18, 2008, there do remain some discovery

issues, all from Plaintiff's perspective, which are discussed below.  The parties are currently set

to attend a Settlement Conference on August 13, 2008. It remains unclear to Plaintiff as to

whether the case is likely to settle.

As the Court may recall, in December 2007, the parties agreed that a brief postponement

of the case was warranted, so that the parties could better determine whether the case might settle

before embarking upon substantive discovery. The Court eventually set a discovery cutoff of

July 18, 2008, as well as a Settlement Conference.

## PLAINTIFF'S POSITION

On June 16, 2008, Plaintiff served via hand-delivery interrogatories and document

requests, directed to each of the three Defendants. Responses were due by July 16, 2008. None of

the Defendants requested an extension of time within which to respond, and the response

deadline passed without a peep from any Defendant.  By faxed letter dated July 22, 2008,

undersigned counsel inquired as to the status of the well-overdue responses. Again, undersigned

counsel was met with complete silence. By faxed letter dated July 28, 2008, undersigned counsel

*again* inquired as to the status of the much overdue responses. In response thereto, on July 28,

Plaintiff's counsel received a call from Cranford's counsel, apologizing and promising to provide

responses within the next several days. By letter dated today, July 29, Creative Pipe's counsel

apologized and stated that he "hope[s] to have completed discovery responses in the very near

future." *Id.*

In June 2008, Defendant Eichberg noticed four depositions, all set for July 10, 2008: (1) a

"Designated Representative" of Defendant Creative Pipe Solutions; (2)  a "Designated

Representative" of Defendant George R. Cranford, Inc. (3) non-party Robert Ross; and (4)

Plaintiff Tyson R. Stammler.  In direct contravention of Fed. R. Civ. P. 30(b)(6), Eichberg failed

to "describe with reasonable particularity the matters for examination" in connection with the

two corporate depositions.

On July 10, 2008, Plaintiff learned that Mr. George Cranford, the purported designee of

Defendant George R. Cranford, Inc., was unavailable for a deposition, and that deposition did

not proceed. On July 10, 2008, Plaintiff learned that Eichberg had been unable to locate or to

serve non-party Robert Ross, and that deposition did not proceed.  To the best of Plaintiff's

knowledge, no Defendant intends to pursue the resetting of those depositions, or to pursue any

further discovery.  Plaintiff responded to any written discovery from Defendants months ago.

Eichberg did depose a Creative Pipe Solutions designee, Mr. Keith Stup, as well as

Plaintiff, on July 10.

Plaintiff's position is very simple. Enough is enough is enough. One hundred percent of

the Defendants ignored one hundred percent of Plaintiff's written discovery requests. No

Defendant ever sought an extension, nor did any defense counsel even respond to undersigned

counsel's July 22, 2008, letter regarding same. Undersigned counsel had to send a second letter

to get any response at all, from two out of three Defendants. Those responses, in turn, were

nothing more than vague promises to make efforts to provide responses sometime soon.

Eichberg's counsel has not responded at all. Plaintiff can only conclude that none of the

Defendants takes this case very seriously, or that they expect the case to resolve suddenly

without further formal proceedings.

Plaintiff therefore requests a Pretrial Conference for sometime in early to mid-September,

and a quick trial date. The case is simple, can easily be tried in no more than two days.

Respectfully submitted,


_____s/_____
Peter C. Grenier (D.C. Bar No. 418570)
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.  20036
(202) 828-4100
(202) 828-4130 (fax)
*Counsel for Plaintiff*